IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GRAHAM L. STOWE,

    Plaintiff,

v.

GREGORY VANRYBROCK,
MEL CHRISTIANSEN,
MELISSA PLUMLEY,
and KEVIN LAETSCH,

    Defendants.

OPINION AND ORDER

No. 18-cv-321-wmc

Plaintiff Graham L. Stowe filed a proposed civil complaint, seeking to proceed against defendants on claims related to his move to a unit at the Mendota Mental Health Institute ("Mendota") that is not wheelchair accessible. Since plaintiff seeks to proceed in this lawsuit *in forma pauperis*, the court is required to screen this complaint pursuant to 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this generous standard, however, this complaint must be dismissed, although the court will give Stowe the opportunity to file an amended complaint that addresses the deficiencies described below.

OPINION

Plaintiff Gregory Stowe, a patient at Mendota, is wheelchair bound. Stowe alleges that he was moved to the Admission Treatment Unit ("ATU") from December 27, 2016,

1

through December 18, 2017, but that unit is not wheelchair accessible.[1] He claims that defendants Melissa Rumley (the ATU manager); Mel Christensen (the forensic program director); and Director Gregory VanRybrock were all responsible for the transfer.

Plaintiff claims that defendants violated his rights under the Americans with Disabilities Act ("ADA") by discriminating against him because he is disabled, and that defendants were deliberately indifferent to his serious medical need. However, plaintiff cannot proceed on either claim because his complaint violates Federal Rule of Civil Procedure 8, which requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

I.  ADA/Rehabilitation Act

While plaintiff claims that defendants violated his rights under the ADA, the court will infer that he is also seeking leave to proceed on a claim under the Rehabilitation Act, 29 U.S.C. § 701 *et seq. See Norfleet v. Walker,* 684 F.3d 688, 690 (7th Cir. 2012) (noting uncertainty as to whether ADA violations that do not implicate constitutional rights may be brought in federal court and suggesting district courts read in a Rehabilitation Act claim). Still, he will not be allowed to proceed under either act, at least as currently pled. The ADA, 42 U.S.C. §§ 12131-12134, prohibits discrimination against qualified persons with disabilities. To establish a violation of Title II of the ADA, a plaintiff "must prove that he is a 'qualified individual with a disability,' that he was denied 'the benefits of the services,

---

[1] For purposes of this order, the court assumes the following facts based on the allegations in plaintiff's complaint, unless otherwise noted.

2

programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was 'by reason of' his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (*citing Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996) (citing 42 U.S.C. § 12132)). The Rehabilitation Act is substantially identical to the ADA; it provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). A claim under § 504 of the Act has four elements: (1) an individual with a disability; (2) who was otherwise qualified to participate; (3) but who was denied access solely by reason of disability; (4) in a program or activity receiving federal financial assistance. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012).

For purposes of screening, the court will assume that plaintiff's need for a wheelchair renders him "disabled" within the meaning of the first element. However, plaintiff's current allegations do not satisfy either the second or third elements of the prima facie case. Although Mendota is considered a "public entity," plaintiff does not claim to be excluded from any service, program, or activity offered to other prisoners. 42 U.S.C. § 12132. Indeed, the Seventh Circuit has already held that refusing to accommodate a prisoner's severe leg spasm condition by installing guardrails on his bed did not implicate the ADA or the Rehabilitation Act, because "incarceration, which requires the provision of a place to sleep, is not a 'program' or 'activity.'" *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996). *Bryant* also clarifies that while denying a special cell accommodation may

constitute medical malpractice, because the plaintiff in that case was "not complaining of being excluded from some prison service, program, or activity, for example an exercise program that his paraplegia would prevent him from taking part in without some modification of the program," the ADA does not provide any remedy for this lack of services. *Id*. Accordingly, since plaintiff has provided no allegations suggesting that his stay in the ATU precluded him access to any services he would be qualified for at Mendota, he may not proceed on a claim under the ADA or the Rehabilitation Act.

II. **Eighth Amendment**

Nor can plaintiff proceed on an Eighth Amendment claim, at least on his current allegations. A prison official who violates the Eighth Amendment in the context of a prisoner's medical treatment demonstrates "deliberate indifference" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). "Serious medical needs" include (1) life-threatening conditions or those carrying a risk of permanent serious impairment if left untreated, (2) withholding of medical care that results in needless pain and suffering, or (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). "Deliberate indifference" encompasses two elements: (1) awareness on the part of officials that the prisoner needs medical treatment and (2) disregard of this risk by conscious failure to take reasonable measures.

Here, even accepting that the fact that plaintiff's use of a wheelchair satisfies the serious medical need requirement, plaintiff has not pled any facts that would support a

4

reasonable inference that any of the defendants acted with reckless disregard for that need. Indeed, beyond alleging that he is wheelchair bound and that the ATU is not handicap-accessible, plaintiff has not pled any facts suggesting that he actually faced any challenges, impediments or actual physical harm as a result of his placement in the ATU. For example, plaintiff has not pled that any of the defendants knew that he needed any sort of medical attention related to his handicap, much less that they failed to take reasonable measures to address that need.

Accordingly, the court is dismissing Stowe's complaint without prejudice, but because Stowe's complaint was so short on allegations, the court will give him a small window of time within which he can file an amended complaint that corrects the deficiencies outlined above. Should he choose to file an amended complaint by the deadline set forth below, the court will screen it under § 1915(e)(2). In preparing an amended complaint, plaintiff should take care to provide specific information about exactly how his time in ATU violated his rights under the ADA and/or the Eighth Amendment. Plaintiff should use the legal standards set forth above as his guideline.

Furthermore, plaintiff should draft his complaint as if he is telling a story to someone who knows nothing about the situation. Plaintiff should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) which defendants did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should write his allegations in separate, numbered paragraphs using short and plain statements.

ORDER

IT IS ORDERED that:

1) Plaintiff Graham Stowe is DENIED leave to proceed on the claims outlined in his complaint, and the complaint is DISMISSED without prejudice for failure to state a claim.

2) Plaintiff has until **May 15, 2019,** to file an amended complaint that corrects the deficiencies outlined in this opinion. If plaintiff filed a proposed amended complaint by that deadline, the court will take it under consideration for additional screening pursuant to 28 U.S.C. § 1915(e)(2). **If plaintiff fails to submit an amended complaint as directed, then this case will be closed without further notice pursuant to Federal Rule of Civil Procedure 41(b).**

Entered this 24th day of April, 2019.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge