IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GRAHAM L. STOWE,

    Plaintiff,

v.

GREGORY VAN RYBROEK,

    Defendant.

OPINION AND ORDER

No. 18-cv-321-wmc

---

Pro se plaintiff Graham L. Stowe is proceeding in this civil action against defendant Gregory Van Rybroek on a claim under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973. In particular, the court granted Stowe leave to proceed on a claim that he was prevented from participating in recreation periods due to his confinement in a wheelchair in August 2017. On December 14, 2020, defendant filed a motion to compel plaintiff to sign an authorization to release his medical records. (Dkt. #16.) In response to defendant's motion, Stowe filed a motion for assistance in recruiting counsel, representing that he is indigent and has limited knowledge of the law, but simultaneously arguing that defendant's request appears improper because defendant wants to access records that he, the patient, is not allowed to access, and because defendant also has requested mental health records that are not relevant to the issues in this case. (Dkt. 18.) Stowe also filed a motion asking for an extension of time to respond to defendant's motion. (Dkt. 19.) I am denying Stowe's motions and granting defendant's motion.

Starting with Stowe's motion for assistance in recruiting counsel, this court may, at its discretion, determine to help recruit counsel to assist an eligible plaintiff who proceeds under the federal in forma pauperis statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant pro bono publico.") Stowe is proceeding in

1

forma pauperis, so he is eligible for recruitment of counsel. Before deciding whether to recruit counsel, a court must find that the plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Stowe represents that he wrote letters to four different law firms and has received rejection letters from two of the firms, but that his other two letters returned to him marked "Return to Sender." While this court typically requires prisoners to submit the rejection letters as evidence of their unsuccessful efforts at recruiting counsel, since Stowe signed his motion under penalty of perjury, I conclude that Stowe has satisfied this requirement. Still, I am not persuaded that recruitment of counsel is appropriate.

The central question is "whether the difficulty of the case -- factually and legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Stowe's motions demonstrate that he understands the nature of his claim well enough to object to the relevance of defendant's request for records. Further, his submissions are clearly written, and I note that previously in this lawsuit Stowe demonstrated his ability to read and absorb the court's order requiring him to file an amended complaint. (*See* dkts. 7-9.) Accordingly, because Stowe has not demonstrated that he needs the assistance of counsel to litigate this stage of this lawsuit, I am denying his motion without prejudice to renewing it later in the case.

As for defendant's motion to compel, I am granting it, with a qualifier that I discuss below. Defendant explains that the authorization seeks release of Stowe's health and psychological services records maintained by the Wisconsin Department of Health Services from August 1, 2016, to present. Defendant's position is that because Stowe claims that his confinement to a wheelchair began on December 23, 2016, defense counsel requested

disclosure of all medical information from August 1, 2016 to present. According to defendant, Stowe did not respond to the request for a signed authorization, nor did Stowe respond to counsel's communications seeking his response. Defendant argues that to adequately investigate Stowe's claim, in particular his claims of disability and need for accommodation, he needs those records.

Defendant is correct that Stowe will need to sign a medical authorization form if he wants to succeed in his claim against defendant. Indeed, one of the elements of Stowe's claim requires him to prove that he suffered from a disability during the time period relevant to his claim, and if Stowe is pursuing monetary damages, then Stowe may be seeking damages related to emotional harm. As such, medical records--including Stowe's psychological records--are relevant to whether Stowe was disabled, whether he required an accommodation in 2017, and the extent of Stowe's damages, including any emotional or psychological damages that he might seek to prove. The defendant is entitled to investigate these matters. Therefore, I will direct Stowe to provide defendant's attorney with a signed medical authorization not later than March 1, 2021.

Here is the qualifier: the court is not *ordering* Stowe to provide a signed authorization. This court does not compel parties to disclose confidential medical or psychological records if they choose not to do so. But plaintiff can't have it both ways: he cannot make claims that directly involve his medical and psychological conditions and treatment, but then refuse to disclose his medical and psychological records to the defendant. Because defendant is entitled to investigate each of the elements of Stowe's claim, if Stowe chooses not to turn over the requested records, then Judge Conley probably would grant a defense motion to dismiss this lawsuit for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Finally, seeing no need for Stowe to respond further to defendant's motion to compel, I am denying Stowe's motion for an extension as moot.

ORDER

IT IS ORDERED that:

1. Defendant Gregory Van Rybroek's motion to compel (dkt. 16) is GRANTED.
2. Not later than March 1, 2021, Plaintiff Graham Stowe either must provide to defendant's attorney the signed medical records authorizations or must advise defendant's attorney in writing that he has chosen not to provide the authorizations.
3. Plaintiff's motion for assistance in recruiting counsel (dkt. 18) is DENIED without prejudice.
4. Plaintiff's motion for an extension (dkt. 19) is DENIED as moot.

Entered this 8th day of February, 2021.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge